TEXAS INSTRUMENTS INCORPORATED, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 76-2-00443

Before WATSON, *Judge.*

(Dated April 29, 1982)

*Eugene L. Stewart* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Director, Commercial Litigation Branch, *Sheila N. Ziff,* Commercial Litigation Branch) for the defendant.

WATSON, *Judge:* Following the untimely death of Judge Scovel Richardson, this action was reassigned under Rule 77(d)(4) of the Rules of this Court. In this decision, the Court arrives at a final determination of the dutiable values of this imported merchandise, consisting of transistor devices and silicon controlled rectifiers. Previously, in a decision on cross-motions for summary judgment, Judge Richardson decided the legal issues in the case and directed the parties to submit proposed findings of fact and conclusions of law.[1] The parties having submitted proposed joint findings of fact

---

[1] That decision was reported as C.D. 4867. Plaintiff's attempt to appeal that decision ended when the Court of Customs and Patent Appeals dismissed the appeal for prematurity in an order of December 9, 1980.

and conclusions of law which reflect the previous decision of the Court and which reserve their rights to appeal all findings and conclusions, the Court makes the following findings of fact:

1. The subject imported merchandise consists of transistor devices and silicon controlled rectifiers assembled in Curacao, Netherlands Antilles, by a wholly owned subsidiary of the importer and exported to the United States during 1968 and 1969.

2. During 1968 and 1969, the exporting subsidiary was the only producer in Curacao of merchandise of the same general class or kind as the imported devices.

3. Said merchandise was assembled using fabricated components, in addition to epoxy molding compound pellets, of U.S. origin that were supplied by the importing parent, which manufactured some of the components and purchased the rest from other U.S. producers.

4. The components were sold and not consigned to the exporter at transfer prices that were established on the basis of standard costs (e.g., costs for a past period in combination with forecasted costs), which varied from actual cost.

5. The assembled devices were sold to the importer at transfer prices that were established on the basis of standard costs (i.e., costs for a past period in combination with forecasted costs), which varied from actual cost.

6. The importer sold factory and administrative supplies to the wholly owned assembler at prices that were based on the standard purchase price of the particular supplies and which varied from actual purchase price.

7. The subject merchandise was appraised on the basis of constructed value, as defined in section 402(d) of the Tariff Act of 1930, as added by the Customs Simplification Act of 1956, using cost data presented by the importer.

8. Where an item of cost was deemed adequate, the appraising officer accepted that amount; where an item of cost was deemed to be deficient, he in most instances accepted the upward adjustment proposed by the importer. He rejected proposed downward reductions in some costs, including the elimination of certain intragroup and interdivisional profits.

9. As to materials manufactured by the importer and sold to the exporter, these materials were uplifted to actual cost, inclusive of intradivisional profit, by the appraising officer who also uplifted by an additional percent to reflect the price that would have been charged had the foreign assembler been an independent customer.

10. The exporting subsidiary incurred corporate support expenses that were not related to the production of the imported semi-conductor devices but were in furtherance of the reporting and planning objectives of the parent importer.

On these facts, the Court concludes as matters of law:

1. That the plaintiff has succeeded in part in rebutting the presumption of correctness attaching to the appraised values.

2. That constructed value as defined in 19 U.S.C. § 1401a(d) [1976 ed.] (section 402(d), Tariff Act of 1930, as added by the Customs Simplification Act of 1956) is the proper basis for determination of the value of the merchandise herein.

3. That such constructed value is the "Dutiable Value" shown on the schedule which follows, in the last column.

SCHEDULE